UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL ROSARIO individually and on behalf of other similarly situated employees, | |
| Plaintiff, | Case No.: |
| -against- | |
| | **COMPLAINT** |
| MARYANN'S 353 MEX, INC. d/b/a ZONA TRIBECA MEZCALERIA and HUASCAR THEN, | **Collective Action and Class Action Complaint** |
| Defendants. | |

Plaintiff JOEL ROSARIO individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, allege against Defendants MARYANN'S 353 MEX, INC. d/b/a ZONA TRIBECA MEZCALERIA ("Corporate Defendant") and HUASCAR THEN ("Individual Defendant") (the Corporate Defendant and Individual Defendants are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 et seq. (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Upon information and belief, Corporate Defendant is a domestic corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 353 Greenwich St, New York, NY, 10013.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Plaintiff used various tools and materials that travelled through interstate commerce in the course of his employment.

6.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

7.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

9.      Upon information and belief, Defendant Then resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

10.     Defendants employ cooks and restaurant workers.

11.     Defendant Then is a member and, upon information and belief, an officer of the Company.

12.     Defendant Then possesses the authority to hire and fire employees.

13.     Defendant Then has the authority to supervise employees' work schedules, set their rates of pay and maintain payroll records.

14.     Defendant Then approves the payroll practices for Defendants' employees, including Plaintiff.

15.     Defendant Then possesses operational control over the Corporate Defendant and its employees through his financial control over the Corporate Defendant.

16.     Plaintiff has been employed by Defendants to work as a food runner within the last six (6) years.

17.     The Individual Defendant is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

18.  At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

19.     Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto and (b) pursuant to the NYLL (§ 650 *et seq.*) on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed;

i.   Defendants' failure to pay federal or state minimum wage;

ii.  Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

iii. Defendants' failure to pay spread-of-hours payments; and

iv.  Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as
required by NYLL § 195.

20.     Additionally, Plaintiff brings claims regarding Defendants' retaliation
against Plaintiff by terminating him for complaining about violations of wage laws.

21.     Defendants have knowingly and willfully engaged in a policy, pattern or
practice of violating the FLSA and NYLL as detailed in this Complaint.

## FACT ALLEGATIONS

### I.    Defendants' Wage and Hour Violations.

22.     At all times relevant hereto, Defendants have committed the following acts
and/or omissions intentionally and willfully, with knowledge that they have been violating federal
and state laws and that Plaintiff has been and continues to be economically injured.

23.     Defendants maintained a policy and practice of failing to pay the minimum
wage required by federal and New York State law and regulations to Plaintiff.

24.     Defendants maintained a policy and practice of failing to pay overtime
compensation required by federal and New York State law and regulations to Plaintiff, who
worked in excess of forty (40) hours per week.

25.     Defendants maintained a policy and practice of failing to provide Plaintiff
with proper wage notices and paystubs.

### 1. Minimum Wage Violations

26.     Plaintiff worked for the Defendants as a food runner from 2014 until April
2022, except for a period of five months at the beginning of the COVID-19 pandemic.

27.     Defendants paid Mr. Rosario a flat rate of $20 per shift until 2019, when it
began to pay him $30 per shift.

28.     Plaintiff generally worked up to eight hours per shift.

29.     Plaintiff was therefore earning approximately $2.50 per hour before 2019 and $3.75 per hour after 2019.

30.     Though waitstaff shared tips with Mr. Rosario, his hourly wage was always far below the minimum wage required by state and federal law.

### 2. Overtime Violations

31.     Plaintiff generally worked approximately 56 hours per week, often working double shifts on Mondays, Thursdays, and Fridays from 10 a.m. to as late as 1 a.m. or 2 a.m., and Saturdays from 10 a.m. to 5 p.m., with no meal breaks.

32.     Mr. Rosario was never permitted to clock in or out of any of his shifts, though he was aware that the Company owned a timekeeping system.

33.     Mr. Rosario's wage statements reflected that he was paid for only 10 or 15 hours of work per week instead of the actual hours he worked.

34.     Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him for his overtime work at an overtime premium of 150% of his regular rate of pay.

35.     As such, Defendants violated both the federal Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for his overtime hours.

### 3.     Spread-of-Hours Violations.

36.     Plaintiff frequently worked more than 10 hours in a single day.

37.     For each day when Plaintiff worked more than 10 hours, Defendants failed to provide Plaintiff with an additional hour of pay at the New York State minimum wage as required by 12 NYCRR 146-1.6.

### 4.     Notice and Recordkeeping Violations.

38.     Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

39.     Defendants did not provide Plaintiff with a notice specifying his actual hourly rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

40.     Defendants also did not provide Plaintiff with a paystub specifying his actual hourly rate of pay, regular and overtime hours he worked, or the other information required under NYLL § 195.

41.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

**II.     Retaliation Against Plaintiff**

42.     When Plaintiff asked his coworkers and manager about the Company's pay practices and the discrepancy between his paychecks and the amount of time he actually worked, the response was only "this is the way [Mr. Rosario's manager] pays people."

43.     In late April 2022, Plaintiff complained to Defendant Then about his paycheck not reflecting the number of hours he actually worked and that he was not being paid for all of his hours worked.

44.     In response, Plaintiff's manager told him to go home.

45.     Plaintiff's manager to date has not called Mr. Rosario back into work and has effectively terminated him in retaliation for his assertion of his rights.

**Collective Action Allegations.**

46.     Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.  Plaintiff's consent to sue is attached as **Exhibit 1**.

47.     Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

48.     Upon information and belief, there are at least 40 current and former restaurant workers performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

49.     At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage, overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA.  Plaintiff's claims stated herein are similar to those of other employees.

50.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

51.     Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as restaurant workers and in other similar positions on or after the date that is six (6) years before the filing of the instant Complaint.

52.     Upon information and belief, this class of persons consists of not less than 30 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

53.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

54.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

55.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

56.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

57.     Plaintiff brings the second, fourth, and fifth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

<u>**FIRST CLAIM FOR RELIEF**</u>
**(Minimum Wage Violations under FLSA)**

58.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

59.     Defendants knowingly and willfully paid Plaintiff and others similarly situated less than the minimum wage in violation of federal law.

60.     Defendants' failure to pay Plaintiff and others similarly situated at the federal minimum wage has been willful.

61.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained

damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys'
fees, costs, liquidated damages and prejudgment interest as provided by the FLSA and supporting
regulations, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Minimum Wage Violations under NYLL)**

62.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth
herein.

63.     Defendants knowingly and willfully paid Plaintiff and others similarly
situated less than the minimum wage in violation of New York State law.

64.     Defendants' failure to pay Plaintiff and others similarly situated the state
minimum wage has been willful.

65.     As a direct and proximate result of Defendants' willful and unlawful
conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained
damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys'
fees, costs, liquidated damages and prejudgment interest as provided by the NYLL and supporting
regulations, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA)**

66.     Plaintiff repeats and realleges all paragraphs above as though fully set forth
herein.

67.     Within the statute of limitations period covered by these claims, Plaintiff
regularly worked in excess of forty (40) hours per workweek.

68.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

69.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL)

70.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

72.     Within the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

73.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify)

74.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

76.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

77.     Defendants failed to provide Plaintiff and others similarly situated with a notice or proper paystub in accordance with §195 of the NYLL.

78.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (NYLL Spread-of-Hours)

79.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80.     Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

81.     Although Plaintiff frequently worked more than 10 hours in a single day,

Defendants failed to compensate Plaintiff for one hour's pay at the minimum wage when he did so.

82.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (Retaliation in Violation of FLSA)

83.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84.     By the acts and practices described herein, Defendants intentionally and willfully violated federal law by retaliating against Plaintiff for complaining about wage and hour violations.

85.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

86.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## EIGHTH CLAIM FOR RELIEF
### (Retaliation in Violation of NYLL)

87.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88.     By the acts and practices described herein, Defendants intentionally and willfully violated State Law by retaliating against Plaintiff for complaining about wage and hour violations.

89.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

90.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated:  March 3, 2023
         New York, New York

Respectfully submitted,

*Michael Taubenfeld*
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
ATTORNEYS FOR PLAINTIFF

# Exhibit 1

# AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS

## RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de MARYANN'S 353 MEX, INC. d/b/a ZONA TRIBECA

MEZCALERIA and HUASCAR THEN, o de entidades relacionadas. Autorizo ser demandante

en una acción para recolectar sueldos impagos. Acepto cumplir con lostérminos del Contrato de

Prestación de Servicios Profesionales que firmé para este caso.

Joel Rosario
_____
NOMBRE

_____
FIRMA

2/2/2023
_____
FECHA

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by MARYANN'S 353 MEX, INC. d/b/a ZONA

TRIBECA MEZCALERIA and HUASCAR THEN, and/or related entities. I consent to be a

plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the

Professional Services Agreement signed by me in this case.

Joel Rosario
_____
NAME

_____
SIGNATURE

I hereby declare that I am fluent in both the Spanish and English languages and that English
translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue
form signed by Joel Rosario.

*Estephany Herrera*
ESTEPHANY HERRERA